## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE: VLADIMIR MOROZOV
and LYUDMILA MOROZOV

      Debtors.                          Bankruptcy Case No. 3:10-bk-724-BAJ

_____

VLADIMIR MOROZOV,

      Appellant,

v.                                    Case No. 3:23-cv-135-MMH

HANCOCK WHITNEY BANK,

      Appellee.

_____

## **O R D E R**

      **THIS CAUSE** is before the Court on Appellant's Motion for Substitution of Real Party in Interest (Doc. 57; Motion), filed October 11, 2024. In the Motion, Appellant requests "an order substituting Yevgeny Morozov . . . for Vladimir Morozov, as the real party in interest" in this appeal. Motion at 1 (alterations omitted). Appellee filed a response in opposition to the Motion. See Objection to Appellant's Motion for Substitution of Real Party in Interest (Doc. 60; Response), filed October 25, 2024. For the reasons discussed below, the Motion is due to be denied.

On January 4, 2024, a notice was filed with the Court advising that Vladimir Morozov had unfortunately passed away. See Suggestion of Death and Motion to Extend Time to File Reply Brief (Doc. 45). Three months later, on April 2, 2024, Lyudmila Morozov moved the Court "to substitute Yevgeny Morozov for Vladimir Morozov" in this appeal. See Motion for Leave to Substitute Party at 2 (Doc. 47; First Motion to Substitute). Then, on August 27, 2024, on the eve of a hearing scheduled by the Court, Yevgeny Morozov initiated a probate case in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, by filing a Petition for Administration and Appointment of Personal Representative (the "Probate Case"). See Motion at 6. The following day, during the hearing, the Court denied the First Motion to Substitute. See Clerk's Minutes (Doc. 52), entered August 28, 2024. Subsequently, the Court entered an Order advising that "[a]ny person who wishes to be substituted for [Vladimir] Morozov in this appeal, and has the legal authority to do so, shall file a motion for substitution on or before October 11, 2024." See Order at 2 (Doc. 55), entered September 13, 2024.

In the Motion, Appellant argues that because the Probate Case "has been formally opened," and Yevgeny Morozov is seeking to have the state court appoint him as the personal representative of Vladimir Morozov, the Court should substitute Yevgeny Morozov for Vladimir Morozov in this appeal. Motion at 1–2. The Court is not convinced. Rule 43 of the Federal Rules of Appellate

Procedure (Rule(s)) provides that, "[i]f a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's <u>personal representative</u> may be substituted as a party on motion filed with the circuit clerk by the representative or by any party." Fed. R. App. Pro. 43(a)(1) (emphasis added).[1] Under Florida law, a "personal representative" is defined as one who is "appointed by the court to administer the estate and refers to what has been known as an administrator, administrator cum testamento annexo, administrator de bonis non, ancillary administrator, ancillary executor, or executor." Fla. Stat. sec. 731.201(28). Here, Yevgeny Morozov has not yet been appointed by the state court to be Vladimir Morozov's personal representative. Indeed, since the Probate Case was filed nearly two months ago, no action has been taken. This is unsurprising, considering that Yevgeny Morozov appears to have improperly filed the Probate Case. Notably, Florida law requires that "[e]very guardian and every personal representative, unless the personal representative remains the sole interested person, shall be represented by an attorney admitted to practice in Florida." Fl. Prob. R. 5.030(a). However, Yevgeny Morozov is proceeding in the Probate Case pro se, despite having named Lyudmila Morozov as an interested person, and the existence of

---

[1] The Court applies Rule 43 because "[u]nder 28 U.S.C. § 158(c), the same procedure set forth in Rule 1(a) of the Federal Rules of Appellate Procedure applies to appeals taken from the bankruptcy court to the district court." In re Tobago Bay Trading Co., 142 B.R. 534, 536 (Bankr. N.D. Ga. 1992).

numerous creditors who have filed claims. See Motion at 5, 7. Because Yevgeny Morozov has improperly initiated the Probate Case pro se, and because no action has been taken in the Probate Case, the Court is not convinced that he has the ability to be properly appointed as Vladimir Morozov's personal representative.

Accordingly, it is

**ORDERED:**

1. Appellant's Motion for Substitution of Real Party in Interest (Doc. 57) is **DENIED**.

2. Appellee shall file a notice indicating its position on whether the Court still has subject matter jurisdiction over this action on or before **November 6, 2024**.

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of October, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

Lc32

Copies to:
Counsel of Record