## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE: VLADIMIR MOROZOV
and LYUDMILA MOROZOV

      Debtors.                            Bankruptcy Case No. 3:10-bk-724-BAJ

_____

VLADIMIR MOROZOV,

      Appellant,

v.                                   Case No. 3:23-cv-135-MMH

HANCOCK WHITNEY BANK,

      Appellee.

_____

## O R D E R

**THIS CAUSE** is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division. On February 6, 2023, Vladimir Morozov filed this appeal challenging an order of the Bankruptcy Court granting Appellee's Motion to Annul the Automatic Stay (Doc. 2-2; Bankruptcy Court's Order).[1] After several extensions of time, Vladimir Morozov belatedly filed his initial brief on July 14, 2023. See Brief of Vladimir Morozov [and] Lyudmila Morozov (Doc. 20; Initial Brief). And

---

[1] On September 11, 2024, the Court directed the Clerk of the Court to correct the case caption to reflect that Vladimir Morozov was the only appellant in this appeal. See Order (Doc. 54).

Appellee, Hancock Whitney Bank ("Hancock"), filed an answer brief on October 6, 2023. <u>See</u> Answer Brief of Appellee (Doc. 38; Answer Brief). Before the Court could consider the merits of this appeal, Vladimir Morozov passed away, and Yevgeny Morozov now seeks to be substituted as the real party in interest. <u>See</u> Appellant's Renewed Motion for Substitution of Real Party in Interest (Doc. 63; Third Motion to Substitute), filed December 6, 2024. Hancock filed a response to the Third Motion to Substitute, and opposes Yevgeny Morozov's substitution. <u>See</u> Objection to Appellant's Renewed Motion for Substitution of Real Party in Interest (Doc. 64; Response to Third Motion to Substitute), filed December 20, 2024. This matter is ripe for review.

## I. Motion to Substitute

On January 4, 2024, Lyudmila Morozov filed a notice advising the Court that Vladimir Morozov had passed away. <u>See</u> Suggestion of Death and Motion to Extend Time to File Reply Brief (Doc. 45). Three months later, on April 2, 2024, Lyudmila Morozov moved the Court "to substitute Yevgeny Morozov for Vladimir Morozov" in this appeal. <u>See</u> Motion for Leave to Substitute Party at 2 (Doc. 47; First Motion to Substitute). Then, on August 27, 2024, on the eve of a hearing scheduled by the Court, Yevgeny Morozov, proceeding <u>pro</u> <u>se</u>, initiated a probate case in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, by filing a Petition for Administration and Appointment of Personal Representative. <u>See</u> Appellant's Motion for Substitution of Real

Party in Interest at 1 (Doc. 57; Second Motion to Substitute). The following day, during the hearing, the Court denied the First Motion to Substitute. See Clerk's Minutes (Doc. 52), entered August 28, 2024.

After the hearing, the Court entered an Order advising that "[a]ny person who wishes to be substituted for [Vladimir] Morozov in this appeal, and has the legal authority to do so, shall file a motion for substitution on or before October 11, 2024." See Order at 2 (Doc. 55; First Order), entered September 13, 2024. On October 11, 2024, Yevgeny Morozov filed his motion seeking to be substituted "for Vladimir Morozov, as the real party in interest" in this appeal. See Second Motion to Substitute at 1. The Court denied the Second Motion to Substitute, and instructed Hancock to file a notice indicating its position on whether the Court still had subject matter jurisdiction over this appeal. See Order at 4 (Doc. 61; Second Order), entered October 30, 2024. Responding to the Second Order, Hancock filed a notice advising that "[b]ecause the decedent has no representative and no proper motion for substitution [has been] filed, the Court may dismiss this appeal for lack of subject matter jurisdiction." See Notice Indicating Appellee's Position on the Court's Subject Matter Jurisdiction at 3 (Doc. 62; Notice), filed November 6, 2024. Before the Court could address the arguments raised in the Notice, Yevgeny Morozov filed the Third Motion to Substitute.

In the Third Motion to Substitute, Yevgeny Morozov argues that because he has now been appointed as the "Personal Representative of the Probate Estate," the Court should allow him to be substituted for Vladimir Morozov in this appeal. Id. at 1. Although Hancock is correct that Yevgeny Morozov has "failed to timely follow Rule 43 of the Federal Rules of Appellate Procedure," despite having had ample time "to secure a personal representative and to move for substitution," the Court finds that Yevgeny Morozov's appointment as Vladimir Morozov's personal representative, untimely as it may have been, warrants substitution. See Response to Third Motion to Substitute at 3; Logan v. Smith, No. 3:07-cv-1156-J-JBT, 2016 WL 9115544, at *2 (M.D. Fla. Feb. 8, 2016) ("If a personal representative has been appointed to represent the interests of a decedent, then the personal representative is a proper party for substitution."). [2] Accordingly, the Court will grant the Third Motion to Substitute, direct the Clerk of the Court to substitute Yevgeny Morozov for Vladimir Morozov as the Appellant in this appeal, and refer to Yevgeny Morozov in his representative capacity as "Appellant." [3]

---

[2] See also Metcalfe v. Lee, 952 So. 2d 624, 630 (Fla. 4th DCA 2007) ("[W]here a personal representative has been appointed, he or she is most certainly a proper party."); Schaeffler v. Deych, 38 So. 3d 796, 800 (Fla. 4th DCA 2010) ("Generally, if the decedent's estate has been opened, then the personal representative should be substituted in place of the decedent[.]").

[3] That said, the Court will consider the merits of this appeal without Appellant filing a reply brief. After filing this appeal, Vladimir Morozov repeatedly sought extensions of time to file his initial brief, and only did so tardily after the Court advised him that "[n]o further extensions of time will be granted." See Order (Doc. 13), entered on July 7, 2023. Vladimir Morozov then sought three separate extensions of time to file a reply, which the Court granted.

## II.    Bankruptcy Court's Order

### A. Background[4]

On June 22, 2022, Hancock filed a motion with the Bankruptcy Court requesting an annulment of the automatic stay. See Motion to Annul the Automatic Stay (Doc. 2-339; Motion). The Bankruptcy Court held an evidentiary hearing on the request, see Trial on Motion to Annul Automatic Stay for Relief From Stay (Doc. 9-2), on December 9, 2022. Following the hearing, the Bankruptcy Court entered an order granting the Motion. See Bankruptcy Court's Order at 14. In doing so, the Bankruptcy Court found that Vladimir Morozov's loans were nondischargeable under 11 U.S.C. § 523(a)(3)(A), and that he had acted in bad faith during the bankruptcy

---

See Order (Doc. 40), entered October 26, 2023 (granting a twenty-one-day extension of time); see Order (Doc. 42), entered November 14, 2023 (granting a ten-day extension of time); see Order (Doc. 44), entered December 4, 2023 (granting a thirty-eight-day extension of time). Despite being warned that "[n]o further extensions of time will be granted," Vladimir Morozov failed to timely file a reply. Id. at 3. In light of the record of delay attributable solely to Vladimir Morozov, the Court informed Appellant that it "intends to decide the appeal on the briefs that are currently filed." See Clerk's Minutes (Doc. 52), entered August 28, 2024. And cautioned that "[i]f a proper party is eventually substituted . . . the briefing in this case is closed, and the filing of a reply brief will not be permitted." First Order at 2 n.2 (emphasis added). Consistent with these admonitions, the Court will consider the merits of this appeal without Appellant filing any additional briefing.

[4] "In reviewing bankruptcy court judgments, a district court functions as an appellate court. It reviews the bankruptcy court's legal conclusions de novo, but must accept the bankruptcy court's factual findings unless they are clearly erroneous." In re JLJ Inc., 988 F.2d 1112, 1116 (11th Cir. 1993) (internal citation omitted). Upon review, the factual findings made by the Bankruptcy Court are well-supported by the evidence in the record. Moreover, although Vladimir Morozov raises general objections to the Bankruptcy Court's factual findings, he has failed to show that these findings are "clearly erroneous." Id. Accordingly, the Court adopts the Bankruptcy Court's factual findings and incorporates them herein by reference. See Bankruptcy Court's Order at 2–5.

proceedings. <u>See</u> <u>id.</u> at 11–12. The Bankruptcy Court further found that the circumstances of the bankruptcy case warranted annulling the automatic stay. <u>See</u> <u>id.</u> at 14. On February 6, 2023, Vladimir Morozov filed his Notice of Appeal, <u>see</u> Notice of Appeal and Statement of Election (Doc. 1), challenging the Bankruptcy Court's Order, <u>see</u> Initial Brief at 1–3.

## B. Standard of Review

This Court has jurisdiction to hear an appeal from a final judgment entered by the Bankruptcy Court. <u>See</u> 28 U.S.C. § 158(a). In functioning as an appellate court, the Court reviews <u>de novo</u> the legal conclusions of a bankruptcy court, but must accept a bankruptcy court's factual findings unless they are clearly erroneous. <u>See</u> <u>In re JLJ Inc.</u>, 988 F.2d at 1116. "A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948). The burden is on the appellant to show that the bankruptcy court's findings of fact are clearly erroneous. <u>See</u> <u>Griffin v. Mo. Pac. R.R. Co.</u>, 413 F.2d 9, 13 (5th Cir. 1969);[5] <u>Ballato v. Ballato</u>, 190 B.R. 447, 448 (M.D. Fla. 1995);[6]

---

[5] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[6] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. <u>See</u> <u>Stone v. First Union Corp.</u>, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any

In re Fernandez, 132 B.R. 775, 778 (M.D. Fla. 1991). In addition, the Court may not make independent factual findings. See In re JLJ Inc., 988 F.2d at 1116; In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). Accordingly, "[i]f the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings." In re JLJ Inc., 988 F.2d at 1116.

The Court uses an abuse of discretion standard when reviewing a bankruptcy court's decision to grant relief from an automatic stay and to allow or disallow a claim. See In re Bagwell, 741 F. App'x 755, 758 (11th Cir. 2018) (per curiam);[7] In re Dixie Broad., Inc., 871 F.2d 1023, 1026 (11th Cir. 1989); Carnegia v. Ga. Higher Educ. Assistance Corp., 691 F.2d 482, 483 (11th Cir. 1982) (per curiam); Nat'l Cap. Mgmt., LLC v. Herman, No. 6:11-cv-9-ORL-28, 2011 WL 4531736, at *1 (M.D. Fla. Sept. 29, 2011). An abuse of discretion occurs when a court "misapplies the law or bases its decision on factual findings that are clearly erroneous." Baker v. Bank of Am., N.A., 837 F. App'x 754, 757–58 (11th Cir. 2020) (per curiam) (quoting In re Daughtrey, 896 F.3d 1255, 1274 (11th Cir. 2018)).

---

other district court's determination, the decision would have significant persuasive effects").

[7] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

## C. Discussion

On appeal, Appellant argues that the Bankruptcy Court erred in finding: (1) that Vladimir Morozov's loans were nondischargeable under 11 U.S.C. § 523(a)(3)(A) and (2) that his conduct during the bankruptcy proceedings warranted annulling the automatic stay. <u>See</u> Initial Brief at 22, 27.[8] For the reasons discussed below, the Bankruptcy Court's Order is due to be affirmed.

<u>Dischargeability.</u> In the Initial Brief, Appellant argues that the Bankruptcy Court erred in finding that Vladimir Morozov's loans were nondischargeable. <u>Id.</u> at 22. Under 11 U.S.C. § 523(a)(3)(A), "a debt will only be excepted from discharge if it is not listed or scheduled in time to permit the creditor to file a timely proof of claim and such creditor had no notice or actual knowledge of the case." <u>In re Garza</u>, 138 B.R. 100, 101 (Bankr. M.D. Fla. 1992) (citing 11 U.S.C. § 523(a)(3)(A))). This makes sense as notice of the "filing deadline is necessary to establish a timeline in order to get a plan confirmed, get creditors paid, and get a case closed." <u>In re Horlacher</u>, 389 B.R. 257, 263 (Bankr. N.D. Fla. 2008). And, absent such notice, a creditor will not have

---

[8] On appeal, a debtor abandons arguments "not raised below or raised in a cursory fashion without citation to authority in [his] opening brief." <u>In re Sussman</u>, 816 F. App'x 410, 414 n.1 (11th Cir. 2020) (per curiam) ("Debtor's cursory allegations of bias, unsupported by record cites and case authority, are insufficient to preserve the issue for appeal."); <u>see also</u> <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.") In accordance with this authority, the Court declines to address many of the unsupported assertions and insinuations raised by Appellant in the Initial Brief.

received due process such that its claims can be rendered dischargeable. <u>See</u> <u>In re Spring Valley Farms, Inc.</u>, 863 F.2d 832, 834–35 (11th Cir. 1989) (collecting cases).

Here, the Bankruptcy Court found that Vladimir Morozov "knew of [his] Loans, yet failed to list or schedule" them. <u>See</u> Bankruptcy Court's Order at 9. As a result of this failure, Hancock "did not have actual knowledge of the bankruptcy case in time to file a timely proof of claim" and was "deprived of the opportunity to meaningfully participate in the bankruptcy case." <u>Id.</u> Based upon these findings, the Bankruptcy Court concluded that the loans "were nondischargeable under 11 U.S.C. § 523(a)(3)." <u>Id.</u> (citing <u>In re Spring Valley Farms</u>, 863 F.2d at 834–35). Because the record supports the Bankruptcy Court's finding that Hancock did not have actual knowledge of the bankruptcy case prior to the proof of claim deadline, the Bankruptcy Court did not err in finding that the loans were nondischargeable under 11 U.S.C. § 523(a)(3)(A).

<u>Annulment of the Automatic Stay.</u> Appellant also argues that the Bankruptcy Court erred in finding that Vladimir Morozov's conduct warranted annulling the automatic stay. <u>See</u> Initial Brief at 27. Generally, "acts taken in violation of [an] automatic stay are . . . deemed void and without effect." <u>In re Albany Partners, Ltd.</u>, 749 F.2d 670, 675 (11th Cir. 1984). However, 11 U.S.C. § 362(d) "authorizes the annulment of [an automatic] stay <u>nunc</u> <u>pro</u> <u>tunc</u> to the date of the petition, provided that the circumstances of the particular case

warrant such relief." <u>In re Barr</u>, 318 B.R. 592, 598 (Bankr. M.D. Fla. 2004) (emphasis added). In determining whether annulment of an automatic stay is warranted, a court considers a number of factors:

> (1) [W]hether the creditor had actual or constructive knowledge of the bankruptcy filing, (2) whether the debtor acted in bad faith, (3) whether grounds would have existed for modification of the stay if a motion had been filed before the violation, (4) whether the denial of retroactive relief would result in unnecessary expense to the creditor, and (5) whether the creditor has detrimentally changed its position on the basis of the action taken.

<u>Id.</u> (citing <u>In re Stockwell</u>, 262 B.R. 275, 281 (Bankr. D. Vt. 2001)). Notably, "the debtor's actions and lack of good faith are important [factors] in evaluating whether retroactive relief is warranted." <u>See id.</u> Here, reviewing all of the factors in their totality, the Court readily concludes that the Bankruptcy Court did not err in finding that the automatic stay should be annulled. Notably, the Bankruptcy Court found that Vladimir Morozov's conduct throughout the bankruptcy proceedings "indicate[s] bad faith and his failure to mitigate reflects a lack of respect for the judicial process." Bankruptcy Court's Order at 11–12. The Bankruptcy Court also found that without an annulment, "[y]ears of litigation, as well as third-party settlements, would be undone." <u>Id.</u> at 12. And that "forcing [Hancock] to repeat years of litigation as a result of [Vladimir Morozov's] silence would be inequitable and would almost certainly lead to the same results, but with unnecessary delay and substantial expense." <u>Id.</u> at 14.

On the record before the Court, the Bankruptcy Court did not err in finding that the automatic stay should be annulled.

**III.    Conclusion**

For the foregoing reasons, the Bankruptcy Court did not err in finding that Vladimir Morozov's loans were nondischargeable. Nor did the Bankruptcy Court err in finding that the automatic stay should be annulled.

Accordingly, it is

**ORDERED:**

1.   Appellant's Renewed Motion for Substitution of Real Party in Interest (Doc. 63) is **GRANTED**. The Clerk of the Court is **DIRECTED** to substitute Yevgeny Morozov as personal representative for the estate of Vladimir Morozov in this appeal.

2.   The Bankruptcy Court's Order Granting Motion to Annul the Automatic Stay (Doc. 2-2) is **AFFIRMED**.

3.   The Clerk of the Court is **DIRECTED** to close the file and terminate any pending motions as moot.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of March, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

Lc32

Copies to:
The Honorable Jason A. Burgess, United States Bankruptcy Judge
Counsel of Record